UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**JOSHUA RYAN FULLER,**

        **Petitioner,**

  v.

**WARDEN, FCI BECKLEY,**

        **Respondent.**

Case No. 3:22-cv-101
Judge Michael J. Newman
Magistrate Judge Kimberly A. Jolson

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner proceeding without the assistance of counsel, submitted a partial habeas corpus petition to this Court on April 4, 4022. (Doc. 1). On May 19, 2022, the Undersigned issued a Deficiency Order nothing that the Petition was deficient, in that it omitted the first page containing the case caption and the names of the parties, and the signature page, wherein a petitioner signs under penalty of perjury. (Doc. 4). The Undersigned also noted that Petitioner had neither paid the $5 filing fee to institute a habeas corpus action nor moved to proceed *in forma pauperis* and without payment of the fee. (*Id*.). Petitioner was "**ORDERED** to either pay the $5 filing fee or submit a motion for leave to proceed *in forma pauperis* and without payment of the fee," and "**ORDERED** to submit an Amended Petition using the Standard Form for § 2241 Petitions" within thirty days. (*Id*.). Blank copies of these forms were sent to Petitioner for his convenience. He was also specifically "advised that failure to comply with this Order will result in the dismissal of this action for want of prosecution." (Doc. 4). His filing fee or *in forma pauperis* application, and his Amended Petition were due by June 21, 2022.

To date, Petitioner has failed to comply with the Court's Deficiency Order. He has not filed an Amended Petition, or moved to proceed *in forma pauperis,* or paid the filing fee.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's May 19, 2022 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). The Undersigned **RECOMMENDS** that the Court **DISMISS** this action for lack of prosecution.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Section 2254 Rules. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: July 12, 2022                              s/Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE